**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 24-4322

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY DONNELL HANSLEY, a/k/a Rodney Donnell Hansley, Jr.,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:23-cr-00081-D-KS-1)

_____

Submitted:  January 6, 2025                                    Decided:  February 5, 2025

_____

Before KING and GREGORY, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Donnell Hansley pled guilty to possession with intent to distribute a mixture and substance containing methamphetamine, a quantity of crack cocaine, and a mixture and substance containing fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 1), and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8) (Count 3).  The district court sentenced him to 151 months' imprisonment.  On appeal, counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Hansley's sentence is substantively reasonable.  Although notified of his right to do so, Hansley has not filed a pro se supplemental brief.  The Government moves to dismiss Hansley's appeal as barred by the appeal waiver in his plea agreement.  We dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.*  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).  Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Hansley knowingly

2

and intelligently waived his right to appeal his convictions and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable. Furthermore, the sentencing issue raised in the *Anders* brief falls squarely within the waiver's scope.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Hansley's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We affirm the district court's judgment as to any issue not encompassed by the waiver.

This court requires that counsel inform Hansley, in writing, of the right to petition the Supreme Court of the United States for further review. If Hansley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hansley. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*